IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Kristina Sanders, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No.   1:15-cv-1768 ) |
| J.C. Christensen & Associates, Inc., a Minnesota corporation, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) |
| Defendants. | ) <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Kristina Sanders, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

**PARTIES**

3.   Plaintiff, Kristina Sanders ("Sanders"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt, which was allegedly owed for an HSBC/Orchard Bank

credit card.

4. Defendant, J.C. Christensen & Associates, Inc. ("JCC"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant JCC operates a nationwide debt collection business and regularly attempts to collect debts from consumers in the State of Indiana. In fact, Defendant JCC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant LVNV operates a nationwide debt collection business and regularly attempts to collect debts from consumers in the State of Indiana. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

7. Defendants JCC and LVNV are both authorized to conduct business in Indiana, and maintain a registered agents here, see, records from the Indiana Secretary of State, attached as Group Exhibit A. In fact, both of the Defendants conduct business in Indiana.

8. Defendants JCC and LVNV are both licensed as debt collection agencies in the State of Indiana, <u>see</u>, records from the Indiana Secretary of State, Securities Division, attached as Group Exhibit <u>B</u>. In fact, both of the Defendants act as collection agencies in Indiana.

## FACTUAL ALLEGATIONS

9. More than seven years ago, Ms. Sanders fell behind on paying her bills, including a debt she allegedly owed for a HSBC/Orchard Bank credit card. After that debt became delinquent, it was charged-off by the original creditor as of July 31, 2007. Sometime thereafter, it was allegedly purchased/obtained by LVNV, which has now tried to collect upon it by having Defendant JCC send Ms. Sanders an initial form collection letter, dated March 13, 2015, which stated:

\* \* \*

> Your account has been assigned to J.C. Christensen & Associates, Inc. for collection as a pre-legal account. A pre-legal account is one that has been identified and sent to us by our creditor client as an account eligible for legal review. If our collection efforts fail, our creditor client will consider forwarding your account to an attorney's office for potential legal action.

\* \* \*

> Please recognize that interest may be accruing on your account. If applicable, we will receive and apply balance adjustments as interest accrues.

\* \* \*

A copy of this collection letter is attached as Exhibit <u>C</u>.

10. The above language is a variant of a safe harbor letter created by the Seventh Circuit in <u>Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark</u>, 214 F.3d 872, 876 (7th Cir. 2000), and is to be used by debt collectors only where interest and other charges can continue to accrue on an account. In fact, Defendants were not, and could not add interest on the account due to its age and because of the lack of any

documents that support the addition of interest.

11.     Moreover, the statute of limitations in the State of Indiana for collecting the delinquent debt at issue was, pursuant to Indiana Code § 34-11-2, six years from the date of the last payment.  Accordingly, Defendants threats of litigation on the account were not true.

12.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

13.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e Of The FDCPA –
## False, Deceptive Or Misleading Collection Actions

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken, see, 15 U.S.C. § 1692e(5).

16.     Attempts by debt collectors to collect time-barred debts violate § 1692e of the FDCPA, see, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and McMahon v. LVNV Funding, 744 F.3d 1010, 1020-1021 (7th Cir. 2014).

17.     Accordingly, Defendants threats about the imposition of additional interest on the debt, and of litigation, were not true.  These are a materially false statements that

would lead any consumer to believe that they had to pay this debt to avoid having the amount of the debt increase and/or avoid being sued, which violate § 1692e of the FDCPA, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012); Phillips, 736 F.3d. at 1079; and, McMahon, 744 F.3d at 1020-1021.

18.     Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

19.     Plaintiff adopts and realleges ¶¶ 1-13.

20.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

21.     Defendants, by threatening a lawsuit on a time-barred debt and by threatening to impose additional interest, when none could, or would, be imposed, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

22.     Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

23.     Plaintiff, Kristina Sanders, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt, allegedly owed for an

HSBC/Orchard Bank credit card, that had been charged-off more than six years prior to the date of the collection letter, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

24. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Sanders, in their attempts to collect delinquent consumer debts from other consumers.

25. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Sanders.

26. Plaintiff Sanders's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

27. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

28. Plaintiff Sanders will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Sanders has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Kristina Sanders, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Sanders as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Sanders and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kristina Sanders, individually and on behalf of all others similarly situated, demands trial by jury.

                                                                Kristina Sanders, individually and on behalf of all others similarly situated,

                                                                By: /s/ David J. Philipps_____
                                                                One of Plaintiff's Attorneys

Dated: November 10, 2015

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5218 S. East Street, Suite E1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com