IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Kristina Sanders, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )    No.   1:15-cv-01768-JMS-MJD ) |
| J.C. Christensen & Associates, Inc., a Minnesota corporation, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' ANSWERS AND AFFIRMATIVE DEFENSES**

Defendants, J.C. Christensen & Associates, Inc. ("JCC"), and LVNV Funding, LLC ("LVNV," and collectively with JCC, the "Defendants"), through their undersigned counsel for their answer to Plaintiff's, Kristina Sanders's Complaint, states:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

**ANSWER**: Defendants admit that Plaintiff brings her Complaint under the FDCPA and that jurisdiction is proper under 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

**ANSWER**: Defendants admit that venue is proper in this District, but Defendants deny the factual allegations giving rise thereto.

## PARTIES

3. Plaintiff, Kristina Sanders ("Sanders"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt, which was allegedly owed for an HSBC/Orchard Bank credit card.

**ANSWER**: JCC admits that it attempted to collect a delinquent debt from Plaintiff which was originally owed to HSBC. LVNV denies that it attempted to collect a delinquent debt owed by Plaintiff. Defendants lack sufficient information or knowledge to form a belief as to the remaining allegations in this paragraph and therefore deny the same.

4. Defendant, J.C. Christensen & Associates, Inc. ("JCC"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant JCC operates a nationwide debt collection business and regularly attempts to collect debts from consumers in the State of Indiana. In fact, Defendant JCC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

**ANSWER**: Defendants admit.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant LVNV operates a nationwide debt collection business and regularly attempts to collect debts from consumers in the State of Indiana. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

**ANSWER**: Defendants admit that LVNV is a Delaware limited liability company, but Defendants

deny the remaining allegations.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

**ANSWER**: Defendants object to the ambiguous and undefined term "bad debt." Subject to and without waiving this objection, Defendants admit that LVNV acquires portfolios of delinquent consumer debts. Defendants deny the remaining allegations in this paragraph.

7. Defendants JCC and LVNV are both authorized to conduct business in Indiana, and maintain a registered agents here, see, records from the Indiana Secretary of State, attached as Group Exhibit A. In fact, both of the Defendants conduct business in Indiana.

**ANSWER**: Defendants admit that they are authorized to conduct business in Indiana. Defendants admit that JCC conducts business in Indiana, but Defendants deny that LVNV conducts business in Indiana.

8. Defendants JCC and LVNV are both licensed as debt collection agencies in the State of Indiana, see, records from the Indiana Secretary of State, Securities Division, attached as Group Exhibit B. In fact, both of the Defendants act as collection agencies in Indiana.

**ANSWER**: Defendants admit that they each possess collection agency licenses in the State of Indiana. Defendants admit that JCC is a collection agency, but deny that LVNV is a collection agency, including but not necessarily limited to within the State of Indiana.

## FACTUAL ALLEGATIONS

9. More than seven years ago, Ms. Sanders fell behind on paying her bills, including a debt she allegedly owed for a HSBC/Orchard Bank credit card. After that debt became delinquent, it was charged-off by the original creditor as of July 31, 2007. Sometime thereafter, it

3

was allegedly purchased/obtained by LVNV, which has now tried to collect upon it by having Defendant JCC send Ms. Sanders an initial form collection letter, dated March 13, 2015, which stated:

* * *

> Your account has been assigned to J.C. Christensen & Associates, Inc. for collection as a pre-legal account. A pre-legal account is one that has been identified and sent to us by our creditor client as an account eligible for legal review. If our collection efforts fail, our creditor client will consider forwarding your account to an attorney's office for potential legal action.

* * *

> Please recognize that interest may be accruing on your account. If applicable, we will receive and apply balance adjustments as interest accrues.

* * *

A copy of this collection letter is attached as Exhibit C.

**ANSWER**: Defendants admit that Plaintiff had a delinquent account with HSBC, associated with the merchant Orchard Bank. Defendants further admit that LVNV acquired this account after it became delinquent and was charged-off, and Defendants admit that JCC sent the March 13, 2015, letter, attached to Plaintiff's Complaint as Exhibit C. Defendants further admit the allegations about Exhibit C to the extent they are consistent with that document, but Defendants deny the allegations about Exhibit C to the extent they are inconsistent with that document. Defendants admit that JCC attempted to collect the debt, but Defendants deny that LVNV attempted to collect the debt. Defendants deny all remaining allegations.

10. The above language is a variant of a safe harbor letter created by the Seventh Circuit in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, 214 F.3d 872, 876 (7th Cir. 2000), and is to be used by debt collectors only where interest and other charges can continue to accrue on an account. In fact, Defendants were not, and could not add interest on the account due

to its age and because of the lack of any documents that support the addition of interest.

**ANSWER**: Defendants lack information or knowledge sufficient to admit or deny the truth of this paragraph and therefore deny the same.

11. Moreover, the statute of limitations in the State of Indiana for collecting the delinquent debt at issue was, pursuant to Indiana Code § 34-11-2, six years from the date of the last payment. Accordingly, Defendants threats of litigation on the account were not true.

**ANSWER**: The allegations in this paragraph are conclusions of law, to which no response is required by Defendants. To the extent that an answer is required, Defendants deny the allegations.

12. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

**ANSWER**: Defendants admit that JCC's collection actions were within one year of the date of filing this Complaint, but Defendants deny that LVNV was engaged in any collection action.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER**: Defendant LVNV denies that it had any collection communications with Plaintiff. Defendants lack information sufficient to admit or deny the truth of the remaining allegations in this paragraph and therefore deny the same.

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

14. Plaintiff adopts and realleges ¶¶ 1-13.

**ANSWER**: Defendants reference and incorporate their Answers to the preceding paragraphs 1 through 13 as if set forth fully herein.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken, see, 15 U.S.C. § 1692e(5).

**ANSWER**: The allegations in this paragraph are conclusions of law, to which no response is required. To the extent that an answer is required, Defendants deny the allegations.

16. Attempts by debt collectors to collect time-barred debts violate § 1692e of the FDCPA, see, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and McMahon v. LVNV Funding, 744 F.3d 1010, 1020-1021 (7th Cir. 2014).

**ANSWER**: The allegations in this paragraph are conclusions of law, to which no response is required. To the extent that an answer is required, Defendants deny the allegations.

17. Accordingly, Defendants threats about the imposition of additional interest on the debt, and of litigation, were not true. These are a materially false statements that would lead any consumer to believe that they had to pay this debt to avoid having the amount of the debt increase and/or avoid being sued, which violate § 1692e of the FDCPA, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012); Phillips, 736 F.3d. at 1079; and, McMahon, 744 F.3d at 1020-1021.

**ANSWER**: The allegations in this paragraph are conclusions of law, to which no response is required. To the extent that an answer is required, Defendants deny the allegations.

18. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**ANSWER**: The allegations in this paragraph are conclusions of law, to which no response is required. To the extent that an answer is required, Defendants deny the allegations.

## COUNT II
### Violation Of § 1692f Of The FDCPA –
### Unfair Or Unconscionable Collection Actions

19. Plaintiff adopts and realleges ¶¶ 1-13.

**ANSWER**: Defendants reference and incorporate their Answers to the preceding paragraphs 1 through 13 as if set forth fully herein.

20. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

**ANSWER**: The allegations in this paragraph are conclusions of law, to which no response is required. To the extent that an answer is required, Defendants deny the allegations.

21. Defendants, by threatening a lawsuit on a time-barred debt and by threatening to impose additional interest, when none could, or would, be imposed, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

**ANSWER**: The allegations in this paragraph are conclusions of law, to which no response is required. To the extent that an answer is required, Defendants deny the allegations.

22. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**ANSWER**: Defendants deny.

## CLASS ALLEGATIONS

23. Plaintiff, Kristina Sanders, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt, allegedly owed for an HSBC/Orchard Bank credit card, that

had been charged-off more than six years prior to the date of the collection letter, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

**ANSWER**: Defendants admit that Plaintiff seeks to bring this matter as a class-action for the purported class as described, but Defendants deny that class resolution is appropriate or that Plaintiff, individually, is entitled to any of the requested relief herein.

24. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Sanders, in their attempts to collect delinquent consumer debts from other consumers.

**ANSWER**: Defendant LVNV denies the allegations of this paragraph. Defendant JCC denies it acted in concert with Defendant LVNV, but admits the remaining allegations of this paragraph.

25. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Sanders.

**ANSWER**: Defendants deny that LVNV attempted a collect a debt from Plaintiff or that it sent a letter to Plaintiff. Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations in this paragraph regarding the size of the purported class and therefore deny the same.

26. Plaintiff Sanders's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication

of this controversy.

**ANSWER**: Defendants deny.

27. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

**ANSWER**: Defendants deny.

28. Plaintiff Sanders will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Sanders has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**ANSWER**: Defendants deny.

### Prayer for Relief

The remainder of Plaintiff's Complaint consists of a prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to any of the requested relief and further denies all of the factual allegations allegedly giving rise to the requested relief.

### AFFIRMATIVE DEFENSES

Defendants, J.C. Christensen & Associates, Inc. ("JCC"), and LVNV Funding, LLC ("LVNV," and collectively with "JCC," the "Defendants"), by and through its undersigned attorneys, hereby states as follows for its Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

At all relevant times as alleged in Plaintiff's Complaint, Defendants acted in good faith and with due care and diligence, and acted with no malice or intent to injure, deceive, misrepresent to, or defraud, or harass Plaintiff or any member of the putative class.

### SECOND AFFIRMATIVE DEFENSE

Defendants are not liable to Plaintiff or any putative class member because any alleged violation, if true, was either unintentional or the result of a *bona fide* error, despite Defendants' maintenance of procedures reasonably adapted to avoid any such violations or errors. *See* 15 U.S.C. § 1692k.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, are attributable, in whole or in part, to the acts or conduct of another party or third party, including any contributory negligence on behalf of the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Defendants deny that a class action resolution of this action is appropriate, as, amongst other reasons, individual issues predominate any alleged claims and class action resolution is not superior to the other forms of redress available, as the putative class can obtain more favorable and

expeditious redress upon their claims, if any, individually.

### SEVENTH AFFIRMATIVE DEFENSE

LVNV is not a debt collector within the meaning of 15 U.S.C. § 1692a(6) and thus cannot be liable under the Fair Debt Collection Practices Act.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's debt was not barred by the applicable statute of limitations due to a previous payment made by Plaintiff, thus the allegedly violative statements do not violate any provisions of the FDCPA.

Defendants expressly reserves the right to amend, add, or delete their affirmative defenses as discovery and investigation continues and circumstances dictate.

WHEREFORE, Defendants, J.C. Christensen & Associates, Inc., and LVNV Funding, LLC, request that this Court grant judgment in their favor and against Plaintiff, dismiss Plaintiff's Complaint in its entirety and with prejudice, award Defendants their reasonable attorneys' fees and costs to the extent permitted by law, and for any other such relief as this Court deems just.

Dated:  December 29, 2015               Respectfully submitted,


                                        KROGER, GARDIS & REGAS, LLP


                                        By: /s/ Kevin D. Koons
                                        Kevin D. Koons, Atty No. 27915-49
                                        111 Monument Circle, Suite 900
                                        Indianapolis, IN 46204-5125
                                        (317) 692-9000
                                        (317) 264-6832 (fax)
                                        kdk@kgrlaw.com


### CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2015, a copy of the foregoing *Defendants'*

*Answers and Affirmative Defenses* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Angie K. Robertson angiekrobertson@aol.com

David J. Philipps davephilipps@aol.com

Mary E. Philipps mephilipps@aol.com

John T. Steinkamp steinkamplaw@yahoo.com

/s/ Kevin D. Koons
Kevin D. Koons, Atty No. 27915-49